PEOPLE ex rel. HARRIS v. BOARD OF ESTIMATE OF CITY OF TROY et al.

(Supreme Court, Appellate Division, Third Department.    March 10, 1909.)

SCHOOLS AND SCHOOL DISTRICTS (§ 11*)—HIGH SCHOOLS.

 Under Laws 1898, p. 384, c. 182, § 96, providing for the government of cities of the second class, the fiscal year began January 1st, and a preliminary estimate of the expenses for the fiscal year was to be made up in November preceding; the estimate becoming final on or before December 27th, and the expenditures of the city for the fiscal year being limited to the items included therein. Laws 1906, p. 1131, c. 473, superseded the former statute and expressly repealed it, and in place of the estimate and final estimate an annual estimate and tax budget were substituted. The latter act, which did not go into effect until January 1, 1908, provides that, so far as its provisions are substantially the same or cover the same special matter as the statutes repealed, it shall be construed as a continuance of such repealed law, modified or amended according to the language employed therein, and not as new enactment. It also provides that the fiscal year shall begin January 1st, but the annual estimate and tax budget are to be made up within 60 days thereafter. *Held*, that under the latter statute a city board of education had power to provide for a high school of commerce, although the expenditures for the same were not included in the estimates contemplated by the statute of 1898 and its amendments.

 [Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 11.*]

Appeal from Special Term, Ulster County.

Mandamus by the People, on the relation of Edwin S. Harris, against the Board of Estimate of the City of Troy and others. From an order directing a peremptory writ of mandamus to issue, requiring the board to fix the compensation of relator as principal of School No. 12, with powers of supervising principal, and as principal of the High School of Commerce of said city, defendants appeal. Order modified, and, as modified, affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

C. B. Wellington, for appellants.
John T. Norton, for respondent.

JOHN M. KELLOGG, J. The board of education of said city, by resolution of December 30, 1907, directed that a high school of commerce be organized and opened in public school No. 12. January 17, 1908, it resolved that such school open January 27, 1908. A new member of the board of education was to take office February 1st, and it was assumed that thereby the policy of the board of education in

some respects would change. January 30th the board adopted a resolution appointing the relator principal of school No. 12, "with the powers of supervising principal and also principal of the High School of Commerce, with the salary fixed for such principal of School No. 12 and such additional salary as shall be fixed by the board of estimate and apportionment to compensate him for the additional services and duties incident to the position of principal of said High School of Commerce; this appointment to take effect immediately."

It is not necessary to consider whether the various resolutions passed by the board of education January 30th and 31st, purporting to make several changes in the position of teachers, created a vacancy in the principalship of school No. 12, so that relator's appointment to such position became effective, for the reason that the salary of that position was fixed and known, and the resolution which named the relator as principal contemplated no change in that salary. The order appealed from is therefore erroneous, so far as it requires the appellants to take any action with reference to that salary. The only question for consideration is whether the relator at any time held the position of principal of the High School of Commerce, and whether he has the right to insist that his salary therefor be fixed.

The appellant urges that the expenses for maintaining the High School of Commerce were not contained in the estimates and the final estimates for the city expenditures as contemplated by section 96, c. 182, p. 384, of the Laws of 1898, being "An act for the government of cities of the second class," and that therefore the relator's appointment was invalid. By that statute the fiscal year begins January 1st, and a preliminary estimate of the expenses for the fiscal year is to be made up in November preceding, and the estimate becomes final on or before December 27th, and the expenditures of the city for the fiscal year are limited to the items included therein. Chapter 473, p. 1131, of the Laws of 1906, which is also entitled "An act for the government of cities of the second class," supersedes the former statute and expressly repeals it, and in place of the estimate and final estimates of the repealed statute the annual estimate and tax budget are substituted by sections 75, 76, and 77. The law of 1906 did not go into effect until January 1, 1908, but section 229 provides that so far as the provisions of that act are substantially the same, or cover the same special matter as the statutes thereby repealed, it shall be construed as a continuance of such repealed law, modified or amended according to the language employed therein, and not as new enactment. By the statute of 1906 the fiscal year began January 1st, but the annual estimate and tax budget are to be made up within 60 days thereafter.

I think it is clear that under the new statute there was ample power to provide for a high school of commerce, although the expenditures for the same were not included in the estimates contemplated by the statute of 1898 and its amendments. The new board of education, on February 2, 1908, passed a resolution abolishing the High School of Commerce. The effect of that resolution need not be considered here; for it is clear that for some time at least the relator performed under due appointment the duties of principal of such school, with the un-

derstanding that he was to receive such compensation therefor as the board of estimate and apportionment might fix, and there is no reason why the amount should not now be determined.

The order, therefore, is modified, so that the appellants are only required to fix the additional salary which the relator shall receive to compensate him for the additional services and duties incident to the position of principal of said High School of Commerce, and, as so modified, is affirmed, without costs. All concur.